UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKE SHORE PUBLIC ADJUSTERS GROUP LLC, and ANDRZEJ POZNIAK, ) ) ) Plaintiffs, ) ) v. ) ) J.P. MORGAN CHASE BANK, N.A. ) ) Defendant. ) | No. 1:23-CV-04941 Judge Edmond E. Chang |

MEMORANDUM OPINION AND ORDER

Lake Shore Public Adjusters Group LLC and Andrzej Pozniak sued J.P. Morgan Chase Bank in the Circuit Court of Cook County for breach of contract, conversion, statutory fraud in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (for convenience's sake, referred to as the Fraud Act), and negligent infliction of emotional distress. R. 1-1, Compl.[1] Chase removed the case to federal court and moved to dismiss all claims. R. 1, Def.'s Notice of Removal; R. 13, Def.'s Mot.[2] Chase's motion to dismiss is granted on all claims, though without prejudice. Lake Shore and Pozniak may file an amended complaint by June 21, 2024 if (and only if) they truly believe that they can fix the defects in the Complaint.[3]

---

[1] Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[2] Chase also filed a Counterclaim and Third-Party Complaint for Interpleader Relief, R. 12, but those claims have been settled. *See* R. 54, Order 12/27/23.

[3] This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship (Lake Shore and Pozniak are citizens of Illinois and Chase is a citizen of Ohio) and the amount in controversy exceeds $75,000. Def.'s Notice of Removal ¶¶ 9, 14–15.

## I. Background

In deciding a motion to dismiss, the Court accepts well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Lake Shore, owned by Pozniak, deposited a check for $76,894.89 into its bank account at Chase on April 10, 2023. Compl. ¶¶ 2, 6. The check was issued by Allstate, an insurance company, to two parties: "to the estate of Vernon Beechy and Spec[]ialized Loan Servicing LLC." R. 1-1, Compl. Exh. A (capitalization altered). When Lake Shore deposited the check, it was endorsed by the administrator of Vernon Beechy's estate but not endorsed by Specialized Loan Servicing. *See* Compl. ¶ 19; R. 32, Pls.' Resp. at 9; R. 12, Interpleader Compl., Exh. 2. Lake Shore alleges that it is entitled to the funds because Lake Shore provided property-damage consulting on Vernon Beechy's insurance claim with Allstate, and Lake Shore was going to use the funds from Allstate to pay for repairs, costs, and fees associated with restoring Beechy's damaged property. Compl. ¶¶ 9, 10. Chase closed Lake Shore's bank account 10 days after Lake Shore deposited the check, and Chase has not made the check's funds available to Lake Shore. *Id.* ¶¶ 6, 12, 14.

## II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Claims alleging fraud must also satisfy the heightened pleading requirement of Federal Rule of Civil Procedure Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). And Rule 9(b)'s heightened pleading standard applies to fraud claims brought under the Fraud Act. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Thus, Rule 9(b) requires that Lake Shore and Pozniak's complaint "state

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (cleaned up). Put differently, the complaint "must describe the who, what, when, where, and how of the fraud." *Pirelli*, 631 F.3d at 441–42 (cleaned up). Having said that, context—that is, the overall factual setting of a claim—is important in evaluating what level of detail is required under Rule 9(b). *See id.* at 442.

### III. Analysis

### A. Breach of Contract

Lake Shore and Pozniak assert that Chase breached their contractual rights by failing to return the balance of the account, including the $76,894.89 from the deposited check, when Chase closed the account. Compl. ¶¶ 39, 40. Chase moves to dismiss the contract claim because the parties' Deposit Account Agreement and Privacy Notice expressly allows Chase to close an account without returning the balance:

> Either you [the bank account holder] or we [Chase] may close your account (other than a CD) at any time for any reason or no reason without prior notice. … We may send you written notice that we have closed or will close your account and return the balance less any fees, claims, setoffs or other amounts if the balance is greater than $1.

R. 15, Def.'s Br., Exh. A at 21;[5] Def.'s Br. at 8–9. Because the contract explicitly allows Chase to close an account "at any time for any reason or no reason" and the contract

---

[5]Although Lake Shore and Pozniak did not attach the Deposit Account Agreement as an exhibit to their Complaint and stated that they did not have a copy of the Agreement, Compl. ¶ 35, they do refer to the Agreement in their breach of contract claim, *id.* ¶ 34, and have not argued that the Deposit Account Agreement cited by Chase is not the binding

does not require Chase to return any account balance—stating only that Chase "may … return the balance"—Lake Shore and Pozniak have not stated a claim for breach of contract. *See* Def.'s Br., Exh. A at 21.

In their response brief, Lake Shore and Pozniak raise for the first time that even if Chase had discretion to close the account, the contract did not authorize Chase to refuse to return the check, or a substitute of the check (which would have enabled Lake Shore to go get the missing endorsement). Pl.'s Resp. at 10. Because the Complaint did not allege breach of contract on this basis, and because Lake Shore and Pozniak have not cited a provision of the contract that Chase breached in failing to return the check or a substitute, the Court cannot hold that the Complaint states a breach of contract claim. *See, e.g.*, *Pirelli*, 631 F.3d at 448 (noting "the axiomatic rule that a plaintiff may not amend his complaint in his response brief"). But the claim is dismissed without prejudice, and the Plaintiffs may file an amended complaint if they believe they can fix the problem.

### B. Conversion

Lake Shore and Pozniak assert a conversion claim for the same conduct underlying the contract claim—that Chase had unauthorized control over the $76,894.89 from the deposited check. Compl. ¶¶ 15–22. Chase argues that its action was authorized, and that the economic-loss doctrine bars recovery in tort for conversion in this

---

contract between the parties. The Court thus will consider the Agreement provided by Chase at the dismissal-motion stage without conversion to a summary judgment motion. *See Dean v. Nat'l Prod. Workers Union Severance Tr. Plan*, 46 F.4th 535, 543 (7th Cir. 2022) ("A district court may consider documents attached to a motion to dismiss if the documents are referenced in the plaintiffs' complaint and are central to the claim.") (citing *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

case. Def.'s Br. at 4. Just as for the contract claim, the Deposit Account Agreement authorized Chase to close the account and did not require Chase to return the balance of the account. *See* Def.'s Br., Exh. A at 21. Lake Shore and Pozniak thus have not adequately alleged that Chase has unauthorized control over the funds.

Explaining why the Plaintiffs have not stated a claim for conversion also shows why, more fundamentally, they cannot recover in tort. In *Moorman Manufacturing*, the Illinois Supreme Court held that a party "cannot recover in tort its purely economic losses." *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 453 (Ill. 1982). Indeed "application of the *Moorman* doctrine is particularly prudent where the success or failure of the claim turns on an interpretation of the contract(s) between the parties." *Lansing v. Carroll*, No. 11-CV-4153, 2012 WL 4759241, at *3 (N.D. Ill. Oct. 5, 2012) (cleaned up). Here, whether Chase was authorized to assert control over the deposited funds is ultimately a *contract* question, because the answer turns on whether Chase acted consistently with the parties' Deposit Account Agreement. There is no "extra-contractual duty" at issue between the parties. *See Toll Processing Servs., LLC v. Kastalon, Inc.*, 880 F.3d 820, 826–27 (7th Cir. 2018). Lake Shore and Pozniak thus cannot seek damages for a conversion claim in what is really a contract dispute. Because the Plaintiffs are still on their first complaint, the motion to dismiss is granted without prejudice—but the Court is skeptical that the Plaintiffs can successfully amend the pleading to overcome the economic-loss doctrine.

6

**C. Negligent Infliction of Emotional Distress**

To state a claim for negligent infliction of emotional distress, Lake Shore and Pozniak must allege duty, breach, causation, and damages, as well as a physical injury or impact that is contemporaneous to the negligent conduct. *Schweihs v. Chase Home Fin., LLC*, 77 N.E.3d 50, 58–59 (Ill. 2016). Chase moves to dismiss this claim based on (again) the economic-loss doctrine and because the Complaint does not include allegations of a contemporaneous physical injury or impact. Def.'s Br. at 9–10. The Complaint alleges that Chase was negligent in closing Lake Shore's account and refusing to make the deposited check funds available, and that Chase's negligence "caus[ed] Pozniak to suffer a panic attack." Compl. ¶¶ 50–52. In their brief, Lake Shore and Pozniak argue that the economic-loss doctrine does not bar recovery because they (although really Pozniak only) seek damages for the panic attack, which is not a purely economic loss, and because the panic attack satisfies the physical-injury or impact requirement. Pls.' Resp. at 10. The Complaint's single sentence alleging that Pozniak suffered a panic attack because Chase closed the account and did not refund the $76,894.89 does not satisfy the physical injury or impact requirement. Although direct victims do not need to show lasting "physical manifestations" of injury caused by negligent conduct under the impact rule, physical injury or impact contemporaneous to the conduct is still required for direct victims. *See Lewis v. CITGO Petrol. Corp.*, 561 F.3d 698, 703 (7th Cir. 2009). This rule means exactly what it says: a direct victim may recover for "emotional distress only if the distress is directly and causally related to a physical injury." *Schweihs*, 77 N.E.3d at 60

7

(approvingly describing and citing Seventh Circuit cases). The Complaint does not allege that the panic attack was the direct result of a *physical* injury or impact inflicted by Chase and therefore fails to state a claim. *See* Compl. ¶¶ 50–52. The Court does not reach the question of whether the economic-loss doctrine bars recovery in tort for what is, at heart, a contract dispute (as explained above), but which allegedly also caused non-economic damages. Chase's motion to dismiss is granted, again without prejudice.

### D. Fraud Act

Lake Shore and Pozniak allege that Chase violated the Fraud Act by refusing to provide the deposited check funds to Lake Shore, misrepresenting that the funds would be made available to Lake Shore within a reasonable time, and misrepresenting to Lake Shore that Chase mailed a check to Lake Shore's address. Compl. ¶ 26. Beyond these general statements, Lake Shore and Pozniak do not identify any individuals at Chase who made alleged misrepresentations or even the Chase branch that the Plaintiffs communicated with, nor the dates of the communications, nor any other specific details about Chase's allegedly fraudulent conduct. *See id.* ¶¶ 26–30. It is true that generally the "who, what, when, where, and how" pleading standard for fraud, *Pirelli*, 631 F.3d at 441–42 (cleaned up), must be considered in the context of the claim, considering what information is reasonably available to plaintiffs. In this case, however, it is reasonable to require that Lake Shore and Pozniak describe in more detail the content and circumstances of Chase's allegedly fraudulent communications. Finally, as already explained, Lake Shore's Fraud Act allegations once again

8

are premised on an alleged breach of contract rather than a fraud. Nevertheless, the dismissal is without prejudice to filing an amended complaint.

## IV. Conclusion

Lake Shore and Pozniak's claims are dismissed without prejudice and with leave to amend. If the Plaintiffs choose to file an amended complaint, then it must be filed by June 21, 2024. If the Plaintiffs do not file an amended complaint, then the dismissal will automatically convert to a dismissal with prejudice.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: May 24, 2024